LAW OFFICES

**WILLIAMS & CONNOLLY**LLP®

STEVEN M. FARINA
(202) 434-5526
sfarina@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 12, 2022

**Via ECF**

The Honorable Ronnie Abrams
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    <u>Ghose v. Ernst & Young, LLP, No. 22-cv-7881 (RA), Automatic Mediation</u>

Dear Judge Abrams:

    We represent Defendant Ernst & Young LLP in connection with the above-referenced case. We write jointly with counsel for Plaintiff, Sayantani Ghose, regarding the Order dated November 30, 2022 that automatically referred the case to mediation (the "Standing Order"). The parties reached out to the Mediation Office, which instructed the parties to seek relief from your Honor. Because the parties do not believe that this case is well-suited to the fast-track procedures of the Standing Order, we respectfully request an exemption from the mediation requirement.

    As an initial matter, whereas the Standing Order applies to "all counseled employment discrimination cases, except cases brought under the Fair Labor Standards Act", the above-captioned case is not the prototypical employment discrimination case. Instead, Plaintiff's Complaint alleges violations of the whistleblower retaliation provisions of the Sarbanes-Oxley Act ("SOX") and the Taxpayer First Act ("TFA").

    In any event, the Standing Order permits the Court to exempt a case from mediation for good cause. *See* Standing Order; Local Rule 83.9(e)(2). There is good cause to do so in this case. The parties agree that mediation pursuant to fast-tracked discovery would not be successful at this time. The parties have already engaged in an unsuccessful private mediation. More recently, in advance of Plaintiff filing the Complaint in this action, the parties had settlement discussions, which were likewise not fruitful. Moreover, the parties effectively engaged in streamlined discovery pursuant to a proceeding before the Occupational Health and Safety Administration ("OSHA"). When the most recent settlement discussions failed, the parties were aware of the information and positions advanced during the OSHA proceeding. Finally, this case involves technical issues of accounting and economics that are unlikely to be resolved by the fast-track procedures.

WILLIAMS & CONNOLLY LLP

The Honorable Ronnie Abrams
December 12, 2022
Page 2

      For these reasons, the parties respectfully request an exemption from the mediation requirement.  If at some future time during the litigation the parties believe that mediation might resolve the case, the parties will promptly inform the Court.

Respectfully submitted,

| | |
|---|---|
| /s/ Michael J. Willemin | /s/ Steven M. Farina |
| Michael J. Willemin<br>Sagar K. Shah<br>85 Fifth Avenue<br>New York, NY 10003<br>Telephone: (212) 257-6800<br>Facsimile: (212) 257-6845<br>mwillemin@wigdorlaw.com<br>sshah@wigdorlaw.com<br><br>*Attorneys for Plaintiff* | Steven M. Farina (*pro hac vice*)<br>Amanda M. MacDonald (*pro hac vice*)<br>Samiyyah Ali (*pro hac vice*)<br>Feyilana Lawoyin (NY Bar No. 5713821)<br><br>650 Fifth Avenue, Suite 1500<br>New York, New York 10019<br>Tel: (646) 949-2800<br>Fax: (646) 949-2801<br><br>680 Maine Avenue, SW<br>Washington, D.C. 20024<br>Tel: (202) 434-5000<br>Fax: (202) 434-5029<br>sfarina@wc.com<br>amacdonald@wc.com<br>sali@wc.com<br>flawoyin@wc.com<br><br>*Attorneys for Defendant* |

Application granted.  This action is exempted from mediation at the joint request of the parties given good cause shown.  *See* Standing Order, Local Rule 83.9(e)(2).

SO ORDERED.

_____
Hon. Ronnie Abrams
United States District Judge
12/13/2022