UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAYANTANI GHOSE<br><br>　Plaintiff,<br><br>v.<br><br>ERNST & YOUNG, LLP<br><br>　Defendant. | Case No. 1:22-cv-07881 (RA) |

**STIPULATION AND ORDER GOVERNING THE PRODUCTION
AND EXCHANGE OF CONFIDENTIAL MATERIAL**

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

　1.　Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

　2.　The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

　3.　In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution,

1

the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. The parties agree that certain information will be treated as Confidential Information and subject to "code name" redactions: information identifying the identity of particular clients of Defendant, information identifying personal and confidential information relating to Defendant employees, including but not limited to information relating to compensation, performance reviews and revenue generation goals. Pursuant to this "code name" redaction procedure, names of clients and EY personnel other than Plaintiff will be replaced with a code name (e.g., "client 1", "personnel 1"). Defendant will also provide a key identifying which client or EY personnel the code name refers to. This procedure would not be applied to

duplicative versions of documents, for example copies of database exports existing as e-mail attachments, which would instead be redacted using black box redactions. Notwithstanding the foregoing, Plaintiff expressly reserves the right to revisit this "code name" redaction approach with respect to duplicative documents and documents used at trial.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    a. <u>Agreement Regarding Inadvertent Disclosure</u>

In connection with their review of electronically stored information and hard copy documents for production (the "Documents Reviewed"), the Parties agree as follows:

    i. To implement and adhere to reasonable procedures to ensure Documents Reviewed that are protected from disclosure pursuant to the Federal Rules of Evidence, attorney-client privileged information or work-product, or constituting or containing information protected by applicable privacy laws or regulations or any other applicable privilege or protection ("Protected Information") are identified and withheld from production;

    ii. If Protected Information is inadvertently produced, the producing Party shall take reasonable steps to correct the error, including invoking the Clawback Procedure set out below;

        iii.      Upon request by the producing Party pursuant to the Clawback Procedure set out below for the return of Protected Information inadvertently produced, the receiving Party shall comply with Clawback Procedure set out below.  Furthermore, the receiving Party shall not challenge either the adequacy of the producing Party's document review procedure or its efforts to rectify the error, and the receiving Party shall not assert that its return of the inadvertently produced Protected Information has caused it to suffer prejudice.

    b.    <u>Clawback Procedure</u>

Pursuant to Federal Rule of Evidence 502(b), the Parties agree that inadvertent disclosure of Protected Information will not constitute a waiver of any privilege or protection and will apply the following procedures

        i.      Notice:  Within twenty-one (21) business days from the date on which a disclosing Party discovers an inadvertent disclosure of Protected Information, it will notify the receiving Party by written Clawback Notice identifying the inadvertent disclosure(s) and directing the receiving Party to promptly return, destroy, and/or make inaccessible the inadvertently-disclosed information/documents and all copies.  The receiving Party may object to the producing Party's designation of documents as Protected Information by providing written notice of such objection within seven (7) business days of its receipt of notice from the producing Party of inadvertent disclosure of Protected Information.

        ii.      Parties' Obligations:  Within ten (10) days of receipt of the Notice, the receiving Party will destroy, return, and/or disable all access to the specified documents/information.

        (1)    Where the inadvertent disclosure is in the form of a disc or access to a password-protected server, the producing Party will provide a replacement of

5

the production containing all documents/information but for those identified in the Notice within fifteen (15) business days from the date of the Notice.

(2) The receiving Party will endeavor in good faith to retrieve any copies of the identified documents/information to return, destroy, or otherwise dispose of the materials, and take all steps necessary to prevent further sharing of those materials. The receiving Party will identify, in writing responsive to the Notice, the persons or entities that have received copies of the information/documents, identify the facts surrounding the sharing of those materials, and describe its best efforts to retrieve those materials in its affirmation of compliance.

(3) Any use of the identified inadvertent disclosures prior to receipt of the Notice is not a violation of this ESI Stipulation, but may be subject to the provisions of a confidentiality stipulation.

iii. Receiving Party's Affirmative Obligation: A receiving Party that discovers Protected Information will inform the producing Party in writing within ten (10) business days regardless whether a challenge to such privilege or protection is anticipated.

10. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Any person or entity in possession of Confidential Information who receives a subpoena or other process (from any person, entity or governmental body who is not a party to this Stipulation) seeking production or other disclosure of such Confidential Information promptly shall give written notice to counsel for the party who produced and/or designated the materials as Confidential Information.  Such notice shall identify the materials sought, enclose a copy of the subpoena or other process, and provide such notification at least ten (10) business days before production or other disclosure shall be given.  Notwithstanding the above, nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

12. The Parties agree that any disputes relating to any allegations of breach of this Stipulation shall be resolved by the Court.

13. In the event any party, or any person who has executed Exhibit A, violates the terms of this Stipulation, the Parties (and any signatory of Exhibit A), agree that the aggrieved party may seek injunctive relief.

14. This Stipulation may be modified or amended by written agreement of the Parties or by Order of the Court.

DATED: March 16, 2023    **WIGDOR LLP**

By: /s/ [signature]
Michael J. Willemin
Sagar K. Shah
85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
sshah@wigdorlaw.com

*Attorneys for Plaintiff*


DATED: March 10, 2023    **WILLIAMS & CONNOLLY LLP**

By: /s/ *Steven M. Farina*
Steven M. Farina (*pro hac vice*)
Amanda M. MacDonald (*pro hac vice*)
Samiyyah Ali (*pro hac vice*)

680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000
Fax: (646) 949-2801
sfarina@wc.com
amacdonald@wc.com
sali@wc.com

Feyilana Lawoyin (NY Bar No. 5713821)

650 Fifth Avenue
Suite 1500
New York, NY 10019
Tel: (646) 949-2800
Fax: (646) 949-2801
flawoyin@wc.com

*Attorneys for Defendant*

**SO ORDERED:**

_____
Hon. Ronnie Abrams
United States District Judge
03/20/2023

**EXHIBIT A**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SAYANTANI GHOSE**<br><br>    **Plaintiff,**<br><br>v.<br><br>**ERNST & YOUNG, LLP**<br><br>    **Defendant.** | Case No. 1:22-cv-07881 (RA) |

**ACKNOWLEDGEMENT**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation. I consent to the jurisdiction of any court of competent jurisdiction for purposes of enforcement of this Stipulation. I also agree that an aggrieved party may seek injunctive relief in the case of a violation of this Acknowledgment or the Stipulation.

At the conclusion of this case or my engagement in relation thereto, whichever is earlier, I agree to return all Confidential Information that comes into my possession and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

Dated: _____

_____
Signed

_____
Address

_____
City, State, Zip